The Honorable Don Hunter Sheriff, Collier County 3301 Tamiami Trail East Building "J" Naples, Florida 34112
Dear Sheriff Hunter:
You ask substantially the following question:
As an appointee or employee of the sheriff's office, does a correctional officer have the authority to carry a weapon, concealed or unconcealed, on-duty or off-duty, and is such authority statewide or countywide?
In sum:
A correctional officer holding an active certification from the Criminal Justice Standards and Training Commission is entitled to carry a weapon, concealed or unconcealed, on-duty or off-duty, throughout the state, in his or her capacity as an appointee or employee of the sheriff's office when authorized by the officer's employing agency.
Section 790.01, Florida Statutes, generally prohibits the carrying of concealed weapons in this state. In addition, section790.053(1), Florida Statutes, generally makes it unlawful for any person to openly carry on or about his or her person any firearm or electric weapon or device.
Section 790.052(1), Florida Statutes, provides in pertinent part:
"All persons holding active certifications from the Criminal Justice Standards and Training Commission as law enforcement officers or correctional officers as defined in s. 943.10(1), (2), (6), (7), (8), or (9)[1] shall have the right to carry, on or about their persons, concealed firearms, during off-duty hours, at the discretion of their superior officers, and may perform those law enforcement functions that they normally perform during duty hours, utilizing their weapons in a manner which is reasonably expected of on-duty officers in similar situations. However, nothing in this subsection shall be construed to limit the right of a law enforcement officer, correctional officer, or correctional probation officer to carry a concealed firearm off duty as a private citizen under the exemption provided in s.790.06 that allows a law enforcement officer, correctional officer, or correctional probation officer as defined in s.943.10(1), (2), (3), (6), (7), (8), or (9) to carry a concealed firearm without a concealed weapon or firearm license.[2] The appointing or employing agency or department of an officer carrying a concealed firearm as a private citizen under s. 790.06
shall not be liable for the use of the firearm in such capacity.Nothing herein limits the authority of the appointing oremploying agency or department from establishing policies limitinglaw enforcement officers or correctional officers from carryingconcealed firearms during off-duty hours in their capacity asappointees or employees of the agency or department." (e.s.)
Moreover, section 790.25(3), Florida Statutes, provides that notwithstanding sections 790.053 and 790.06, Florida Statutes,
"it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes,
* * *
(d) Sheriffs, marshals, prison or jail wardens, police officers, Florida highway patrol officers, game wardens, revenue officers, forest officials, special officers appointed under the provisions of chapter 354, and other peace and law enforcement officers and their deputies and assistants and full-time paid peace officers of other states and of the Federal Government who are carrying out official duties while in this state[.]" (e.s.)
Considering the above statutes together, I am of the opinion that when so authorized by their employing agency, correctional officers may carry weapons, openly or concealed, when such officers are on-duty or off-duty.[3] Whether their authority to carry such a weapon extends statewide will depend upon the authorization given by the correctional officer's employing agency. Section 790.051, Florida Statutes, exempts a law enforcement officer from licensing requirements when acting within the scope of his or her official duties or in the line or performance of duty. As noted in Attorney General Opinion 72-212A, "[i]t is certainly possible for an officer to be acting within the scope or course of his official duty or in the line of or performance of duty even though he is outside of his jurisdiction." Thus, this office concluded that such officers could carry firearms anywhere in the state when authorized to do so by their employing agency.
As noted in section 790.052, Florida Statutes, however, the appointing or employing agency may establish policies limiting correctional officers from carrying concealed firearms during off-duty hours in their capacity as appointees or employees of the agency or department. The employing agency, therefore, may limit the times and places where a certified correctional officer, as an appointee or employee of the employing agency, may carry a weapon.
Accordingly, I am of the opinion that as an appointee or employee of the sheriff's office, a correctional officer who holds an active certification from the Criminal Justice Standards and Training Commission has the right to a carry weapon, concealed or unconcealed, on-duty or off-duty, statewide when authorized by the officer's employing agency.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 943.10(2), (7) and (9), Fla. Stat., which respectively defines "Correctional officer," "Part-time correctional officer," and "Auxiliary correctional officer."
[2] Section 790.06(5)(b), Fla. Stat., provides in pertinent part:
"[A]n individual holding an active certification from the Criminal Justice Standards and Training Commission as a "law enforcement officer," "correctional officer," or "correctional probation officer" as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) is exempt from the licensing requirements of this section."
While s. 790.052(1), Fla. Stat., provides that "nothing in this subsection shall be construed to limit the right of a law enforcement officer, correctional officer, or correctional probation officer to carry a concealed firearm off duty as a private citizen under the exemption provided in s. 790.06," it also states that the appointing or employing agency or department of an officer carrying a concealed firearm as a private citizen under s. 790.06 shall not be liable for the use of the firearm in such capacity.
[3] See generally, s. 843.025, Fla. Stat., making it a felony of the third degree for any person to deprive a correctional officer as defined in s. 943.10(2), Fla. Stat., of her or his weapon or radio. Cf., s. 944.105, Fla. Stat., authorizing private correctional officers to carry and use firearms.